NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CONSUELO E. KELLY-LEPPERT,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2022-1301

_____

Appeal from the United States Court of Federal Claims in No. 1:21-cv-00955-NBF, Senior Judge Nancy B. Firestone.

_____

Decided: May 9, 2022

_____

CONSUELO E. KELLY-LEPPERT, Overland Park, KS, pro se.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, DYK and PROST, *Circuit Judges*.

PER CURIAM.

Consuelo Kelly-Leppert appeals the Court of Federal Claims' dismissal of her complaint for lack of subject-matter jurisdiction and its denial of her motions for reconsideration. We *affirm*.

## BACKGROUND

Ms. Kelly-Leppert sued the United States seeking monetary damages arising from the death of her husband and business partner, Michael J. Kelly, a Vietnam War veteran. Appx. 2. She alleged the United States failed to provide Mr. Kelly with a requested Agent Orange medical examination. Ms. Kelly-Leppert also alleged the Department of Veterans Affairs (VA) gave Mr. Kelly a defective examination by failing to conduct a lung biopsy. *Id.* Ms. Kelly-Leppert claimed $138 million in damages, including loss of consortium, pain and suffering, and damages to their shared business. *Id.*

The Claims Court liberally interpreted Ms. Kelly-Leppert's pleading to assert: (1) breach of contract; (2) breach of fiduciary duty; (3) malpractice against the VA medical facility; (4) a violation of Mr. Kelly's civil and constitutional rights under the Fourteenth Amendment; and (5) claims for veterans benefits. Appx. 2–4. The Claims Court dismissed for lack of subject-matter jurisdiction. Appx. 7–9.

Ms. Kelly-Leppert moved for reconsideration. Appx. 13–14. The Claims Court identified three new issues in Ms. Kelly-Leppert's motion: (1) a Fifth Amendment takings claim; (2) a claim that the Tucker Act is unconstitutionally vague; and (3) additional statutes and regulations related to breach of fiduciary duties and torts that Ms. Kelly-Leppert alleged support her claims. Appx. 16–18. The Claims Court denied the motion. Appx. 19.

Ms. Kelly-Leppert simultaneously filed a notice of appeal and a second motion for reconsideration. We deactivated the appeal pending the resolution of the motion for reconsideration. The Claims Court denied the motion. Appx. 23. We subsequently reactivated Ms. Kelly-Leppert's appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo whether the Claims Court had subject-matter jurisdiction. *Bianchi v. United States*, 475 F.3d 1268, 1273 (Fed. Cir. 2007). We review the Claims Court's denial of a motion for reconsideration for abuse of discretion. *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007). An abuse of discretion occurs when a court misunderstands or misapplies the relevant law or makes clearly erroneous findings of fact. *Id.*

Ms. Kelly-Leppert first argues that the Claims Court erred in concluding it lacked jurisdiction over her Fifth Amendment takings claim. Appellant's Informal Br. 1. Ms. Kelly-Leppert did not raise the potential takings claim until her reply brief in support of her first motion for reconsideration. Appx. 17. The Claims Court determined Ms. Kelly-Leppert could have raised this argument in her original complaint, and thus it did not justify reconsideration. *Id.* Because Ms. Kelly-Leppert did not raise this claim until late in the case, the Claims Court did not abuse its discretion.

Ms. Kelly-Leppert next argues that the Claims Court improperly evaluated her second motion for reconsideration under Rule 60(b) of the Rules of the Court of Federal Claims (RCFC) because she filed it under RCFC 59(a). Appellant's Informal Br. 2. The Claims Court did not abuse its discretion. A motion for reconsideration under RCFC 59(a) must be filed no later than 28 days after the entry of judgment. RCFC 59(b)(1). The Claims Court's dismissal issued on July 8, 2021, and Ms. Kelly-Leppert timely filed

her first motion for reconsideration under RCFC 59(a). Appx. 13. The Claims Court denied the first motion on December 10, 2021. Ms. Kelly-Leppert then filed a second motion for reconsideration outside the 28-day window for reconsideration under RCFC 59(a). RCFC 60(b), however, allows for relief from a final judgment so long as the motion is filed within a reasonable time and no more than one year after the entry of the judgment. Thus, the Claims Court did not err in evaluating Ms. Kelly-Leppert's second motion under RCFC 60(b) rather than RCFC 59(a).

Ms. Kelly-Leppert also argues that the Claims Court has jurisdiction over her Vaccine Act claim, which she raised for the first time on appeal. Appellant's Informal Br. 2. Because Ms. Kelly-Leppert did not raise this claim before the Claims Court, we will not consider it on appeal.

Finally, to the extent Ms. Kelly-Leppert challenges the Claims Court's original dismissal of her claims, her briefing fails to identify any reversible error. For the reasons the Claims Court stated, none of Ms. Kelly-Leppert's five original claims falls within the scope of the Claims Court's limited jurisdiction. Appx. 7–9.

CONCLUSION

Because we discern no error in the Claims Court's dismissal of Ms. Kelly-Leppert's complaint for lack of subject-matter jurisdiction and no abuse of discretion in its denial of her motions for reconsideration, we *affirm*.

**AFFIRMED**

COSTS

No costs.